**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TERESA GOUCH, DENISE SPANOS, GEORGE AMERSON, KYLE MUMMEY, and MARCIA BEASLEY, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD ASSOCIATION,<br><br>Defendant. | Case No. 1:23-cv-15709<br>Honorable John J. Tharp, Jr. |

**DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

As BCBSA[1] showed in its Memorandum in Support of its Motion to Dismiss, ECF No. 35 ("Opening Brief" or "Def. Br.") and in its Reply, ECF No. 40, Plaintiffs' wiretap-related claims should be dismissed (Counts I, II, and IV) because BCBSA and the Tech Companies all disclose their use of analytics technologies and BCBSA was a party to any communications that were allegedly "intercepted" by BCBSA. Plaintiffs now cite three recent decisions published since BCBSA filed its Reply in support of their argument that the wiretap-related claims should survive. Plaintiffs are wrong.

***Hartley v. University of Chicago Medical Center*:** Plaintiffs cite the decision of the court in *Hartley v. University of Chicago Medical Center*, No. 22-cv-5891 (N.D. Ill. Apr. 30, 2024), for the proposition that the crime-tort carve out to the party exception should apply in this case. But

[1] Unless specifically defined herein, capitalized terms and phrases used in this Response have the same meaning as in BCBSA's Motion to Dismiss and Reply.

in *Hartley*, the court applied the wrong standard. Under the ECPA, it is not unlawful to intercept a communication "where such person is a party to the communication . . . unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State." 18 U.S.C. § 2511(2)(d). But the court in *Hartley* mis-framed the question as relating to the intent of the disclosure rather than the intent of the interception: "A disclosure by a party to the communication is not a violation of the act unless the disclosure itself constitutes a tort or a criminal act." *Hartley*, slip op. at 2. In addition, the court in *Hartley* did not analyze whether the alleged crime or tort was independent of the interception. Moreover, unlike here where the allegations pertain solely to a publicly available website, the allegations in *Hartley* concerned the defendant's login-restricted "MyChart patient portal[] and its student patient portal." Second Amended Class Action Complaint, ECF No. 61 at ¶ 4, *Hartley v. University of Chicago Medical Center*, No. 22-cv-5891 (N.D. Ill. filed Dec. 12, 2023). *Hartley* is not persuasive.

***R.C. v. Walgreen Co. d/b/a Walgreens*:** Plaintiffs also cite *R.C. v. Walgreen Co. d/b/a Walgreens*, No. 23cv01933-JGB (C.D. Cal. May 9, 2024), for the same point. But in *R.C.*, while the court acknowledged the correct requirements for stating a claim—that interception was made "for the purpose of a tortious or criminal act that is ***independent*** of the intentional act of recording or interception itself" (*id.* slip op. at p. 20 of 24)—it failed to correctly apply those requirements.

***First***, the court in *R.C.* did not analyze whether the crime or tort at issue was independent of the interception. It did not, as it should have, addressed the need for a secondary, independent act separate from the interception and disclosure. *See* Reply at 3-5.

***Second***, the court in *R.C.* did not apply the correct standard for finding whether "the purpose" of the interception was the commission of crime or a tort. The court in *R.C.* cited the

Ninth Circuit's decision in *United States v. Christensen*, 828 F.3d 763, 775 (9th Cir. 2015), for the proposition that "[t]o plead intent, a plaintiff must plead facts showing that the defendant 'acted consciously and deliberately with the goal of intercepting wire communications."[2] *R.C.*, slip op. at p. 21 of 24. But the Ninth Circuit in *Christensen* was not addressing the crime-tort carve out or the allegations required to show that an interception was "for the purpose of" committing a crime or a tort, but rather was addressing only the meaning of the word "intentionally" in Section 2511(1)(a).

In *Christensen*, the interceptions at issue were part of a wide-ranging criminal conspiracy (including the bribery of police officers and telephone company employees) by a private investigative agency that wiretapped their clients' adversaries for a host of nefarious purposes, including vandalizing a reporter's car and threatening her with violence. 828 F.3d at 776-778. One of the defendants—a software developer who helped build the wiretap program—argued that the government failed to show that he acted with the requisite intent. The Ninth Circuit disagreed and explained that under Section 2511(1)(a), which makes it unlawful to "intentionally intercept[], endeavor[] to intercept, or procure[] any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication," (18 U.S.C. § 2511(1)(a)), it was sufficient for the government to show that the "defendant acted consciously and deliberately with the goal of intercepting wire communications." *Christensen*, 828 F.3d at 775.

The only reference in *Christensen* to the crime-tort carve-out—and its higher "for the purpose of" *mens rea*—is where the Ninth Circuit refused to address another defendant's argument that the party exception applied because that defendant failed to sufficiently raise the party exception as a jury instruction. 828 F.3d at 794-95. Indeed, given that at the time the defendants

[2] The *R.C.* court incorrectly cites the *Christensen* decision as issuing in 2015: while the original decision issued in 2015, that opinion was superseded by the amended decision that issued on July 8, 2016.

installed their wiretaps, such wiretaps were clearly installed "for the purpose of" committing a whole host of crimes and torts, it is hardly surprising that the Ninth Circuit held that it was "no obvious error in the instructions, if there was error at all" to not instruct the jury in the party exception. *Christensen*, 828 F.3d at 795.

***Third***, the court in *R.C.* permitted the wiretap-related claims to proceed solely because the plaintiffs "had stated a claim for invasion of privacy" under California law. *R.C.* slip op. at p. 20 of 24. Here, for the reasons stated in BCBSA's Motion to Dismiss and Reply, Plaintiffs' claim for invasion of privacy under Illinois law must be dismissed. Applying the reasoning of *R.C.*, Plaintiffs' wiretap-related claims therefore fail, too.

***McCulley v. Banner Health*:** Plaintiffs also cite *McCulley v. Banner Health*, No. 23-cv-00985-PHX-SPL (D. Ariz. May 10, 2024), for the proposition that the party exception does not apply. But the court in *McCulley* did not even consider the crime-tort carve out, reasoning that the defendant was not a party to the communications because (i) the defendant "shared" communications with "entities who were not original parties to conversation" and (ii) such sharing is "sufficient to allege the 'intercepted' element under both ECPA and the CIPA." *McCulley*, slip op. at 5. While the court in *McCulley* was right not to separate the act of interception from the disclosure (*see* Reply at 3-4 (citing *Zak v. Bose Corp.*, No. 17-CV-02928, 2019 WL 1437909 (N.D. Ill. Mar. 31, 2019)), the court in *McCulley* was wrong to reason that the sharing of a communication by a party to the communication means that the collector was not a party to that communication. Indeed, even Plaintiffs here do not assert such an argument, admitting instead that BCBSA ***was*** a party to the communications (Pl. Br. at 13) and arguing that the party exception does not apply because "the crime-tort exception applies." *Id.* at 18.

* * *

For the foregoing reasons, the cases cited in Plaintiffs' Notice of Supplemental Authority do not support Plaintiffs' arguments and do not change the correct outcome here: Plaintiffs' Amended Complaint should be dismissed with prejudice.

Dated: May 20, 2024

Respectfully submitted,

By: /s/ *Justin O. Kay*

Justin O. Kay (ARDC No. 6286557)
Ambria D. Mahomes
Faegre Drinker Biddle & Reath LLP
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: justin.kay@faegredrinker.com
Email: ambria.mahomes@faegredrinker.com

Zoe K. Wilhelm (Pro Hac Vice)
Faegre Drinker Biddle & Reath LLP
800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
Email: zoe.wilhelm@faegredrinker.com

Andrew M. Taylor (Pro Hac Vice)
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: andrew.taylor@faegredrinker.com

*Attorneys for Defendant*
*Blue Cross Blue Shield Association*