**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Teresa Gouch, Denise Spanos, George Amerson, Kyle Mummey, and Marcia Beasley, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Blue Cross Blue Shield Association,<br><br>Defendant. | ) | Case No. 1:23-cv-15709<br><br>The Honorable John J. Tharp, Jr. |

**RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant BCBSA submitted a Notice of Supplemental Authority for *Am. Hosp. Ass'n v. Becerra*, No. 4:23-CV-01110-P, 2024 WL 3075865 (N.D. Tex. June 20, 2024) ("*AHA*"). BCBSA overstates the impact of *AHA*, which is neither a "significant authority" nor "relevant" to the disposition of Defendant's Motion to Dismiss. *See* Suppl. Auth. Standing Order.

First, BCBSA suggests that Plaintiffs' case hinges on the HHS Guidance, and, because *AHA* vacated that guidance, Plaintiffs' claims are "not viable and should be dismissed." Def. Not. of Supp. Auth. at 1. Not so. Plaintiffs asserted claims under federal and state wiretap statutes, the Illinois Computer Tampering Act, and several common law causes of action, not the HHS Guidance. While the analysis under the federal wiretap statute and the crime-tort exception may turn on the HIPAA Disclosure Rule (42 U.S.C. § 1320d-6), that rule stands independent of the HHS Guidance and the *AHA* decision.

Second, BCBSA's suggestion that *AHA* fundamentally altered the analysis under the HIPAA Disclosure Rule is likewise mistaken. Indeed, *AHA* did not address the HIPAA Disclosure

Rule, and instead critiqued a discrete aspect of the HHS Guidance—what the Court called the "Proscribed Combination"—which Plaintiffs do not rely on in this case. At the same time, the court recognized that other aspects of the HHS Guidance were "legally and pragmatically sound." *AHA*, 2024 WL 3075865, at *4, n.3. The *AHA* decision did nothing to alter the longstanding prohibition on disclosing personal health information in violation of the HIPAA Disclosure Rule.

Nor did *AHA* address the central inquiry before this Court under the crime-tort exception: whether BCBSA acted with the "purpose" of violating HIPAA's Disclosure Rule when it deployed tracking tools from TikTok and other third parties to link website communications with unique cookie identifiers in order to identify and target individuals with advertising. Regardless of the *AHA* decision or the continued viability of the HHS Guidance, this Court can determine in the first instance whether Plaintiffs have sufficiently alleged that BCBSA acted with a criminal or tortious "purpose" and thereby lost the protections of the party exception under the federal wiretap statute.

Respectfully submitted,

Dated: July 1, 2024

*/s/ Ryan J. Ellersick*

Ryan J. Ellersick (Admitted *Pro Hac Vice*)
**ZIMMERMAN REED LLP**
14648 N. Scottsdale Road, Suite 130
Scottsdale, AZ 85254
Telephone: (480) 348-6400
Facsimile: (480) 348-6415
ryan.ellersick@zimmreed.com

David M. Cialkowski, IL Bar No. 6255747
Brian C. Gudmundson (Admitted *Pro Hac Vice*)
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844
david.cialkowski@zimmreed.com
brian.gudmundson@zimmreed.com

*Attorneys for Plaintiffs*