**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TERESA GOUCH, DENISE SPANOS, GEORGE AMERSON, KYLE MUMMEY, and MARCIA BEASLEY, individually and on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

BLUE CROSS BLUE SHIELD ASSOCIATION,

Defendant.

Case No. 1:23-cv-15709
Honorable John J. Tharp, Jr.

**DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs' Notice, ECF No. 49, cites two inapposite cases that do not analyze the key issue in this dispute—whether Plaintiffs plausibly allege that BCBSA had the purpose and intent of committing an independent crime or a tort when it installed code on its public website. The cases are also factually different, and the defendants raised mostly different legal arguments. Thus, the courts' analyses of what might appear to be facially similar issues (*e.g.*, the crime-tort exception) are limited and inapplicable.

***In re BetterHelp, Inc.*:** The defendant in *BetterHelp* was investigated by and subject to an FTC consent order for its conduct. *Complaint* ¶¶ 12-13; *In re BetterHelp*, Case 3:23-cv-01033 (N.D. Cal. filed Sept. 6, 2023), ECF 76. In addition, the data was on the defendant's patient portal: during account sign-up, the defendant "collected email addresses from individuals seeking mental health therapy" (and only from those individuals) and transmitted them to Meta along with ***patients' responses to a mental health questionnaire***. *Id.* ¶¶ 89, 91. Moreover, practices at issue

were not limited to the pixel: the data was disclosed to Meta in a variety of ways, including deliberate "upload[s]" of patient data." *Id.* ¶ 65. Further, the defendant displayed fraudulent "HIPAA Seals" suggesting it was "HIPAA certified" when in fact hundreds of its therapists were not subject to HIPAA. *Id.* ¶¶ 48-51 & Ex. A (FTC Complaint) ¶¶ 65-69.

***Smith v. Loyola University Medical Center ("Smith")*:** Like in *BetterHelp* and unlike here, the pixel at issue in *Smith* was on "the presumptively private and confidential myLoyola patient portal." Complaint ¶ 3; *Smith*, Case 1:23-cv-15828 (N.D. Ill. Filed Jan. 26, 2024), ECF 19. Indeed, the plaintiff in *Smith* specifically distinguished as inapposite cases (like this case) that did ***not*** involve a patient portal. *See* Opp'n p. 9 n.8; *Smith*, Case 1:23-cv-15828 (N.D. Ill. filed Apr. 25, 2024), ECF 39.

* * *

For the foregoing reasons, these cases do not support Plaintiffs' arguments and do not change the correct outcome here: Plaintiffs' Amended Complaint should be dismissed with prejudice.

Dated: July 29, 2024

Respectfully submitted,

By: /s/ *Justin O. Kay*

Justin O. Kay (ARDC No. 6286557)
Ambria D. Mahomes
Faegre Drinker Biddle & Reath LLP
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: justin.kay@faegredrinker.com
Email: ambria.mahomes@faegredrinker.com

Zoe K. Wilhelm (Pro Hac Vice)
Faegre Drinker Biddle & Reath LLP
800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
Email: zoe.wilhelm@faegredrinker.com

Andrew M. Taylor (Pro Hac Vice)
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: andrew.taylor@faegredrinker.com

*Attorneys for Defendant*
*Blue Cross Blue Shield Association*