**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TERESA GOUCH, DENISE SPANOS, GEORGE AMERSON, KYLE MUMMEY, and MARCIA BEASLEY, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD ASSOCIATION,<br><br>Defendant. | Case No. 1:23-cv-15709<br>Honorable John J. Tharp, Jr. |

**DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs' Notice, ECF No. 51, invokes two new cases that Plaintiffs argue support their position. The cases do not support their position, but rather support BCBSA's position that this case should be dismissed with prejudice.

***Kurowski*:** Plaintiff attaches the court's decision in *Kurowski* denying the defendant's motion for judgment on the pleadings. But *Kurowski* shows that BCBSA was correct when it explained to this Court that where (as here) the analytics technologies are not embedded on a private patient portal but rather solely on general website available to the public at large, the outcome should be dismissal. ECF No. 40 at 19-20. Plaintiffs argued in their Opposition that nothing in *Kurowski* "anchored" the "viability" of their claims to the "location" of the tracking technology. ECF No. 39 at 15 n.4. That is wrong: it was precisely the location of the pixel "on certain pages of [the hospital's] website that were likely to contain IIHI, ***such as within the MyChart patient portal***" that compelled the court in *Kurowski* to conclude that the crime-tort

exception applied. No. 22cv5380, 2024 WL 3455020, at *4 (N.D. Ill. July 18, 2024) (emphasis added). Moreover, the court in *Kurowski* expressly vindicated BCBSA's explanation to this Court of the significance of the addition of patient portal allegations in that case: "***The Court permitted Kurowski to proceed with her Wiretap Act claim only when she added factual allegations that her private, care-related communications were also intercepted and transmitted***." *Id.* at *6 (emphasis added).

***Cooper:*** Like in *Kurowski*, in *Cooper*, the plaintiffs alleged that the pixel was present on the private patient portal. Opp'n to Motion to Dismiss at 3, *Cooper*, No. 23cv9485 (S.D.N.Y. filed Feb. 9, 2024), ECF No. 20. And for the plaintiffs in *Cooper*, the presence of the pixel on the patient portal made all the difference—they distinguished their case from other cases where (like here) "the information at issue [was] displayed on a public-facing website." *Id.* at 22. Indeed, the plaintiffs in *Cooper* cite the same cases and draw the same distinctions as BCBSA. *Compare id.* at 21-22 *with* ECF No. 40 at 19-20.

Dated: August 9, 2024

Respectfully submitted,

By: /s/ *Justin O. Kay*

Justin O. Kay (ARDC No. 6286557)
Ambria D. Mahomes
Faegre Drinker Biddle & Reath LLP
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: justin.kay@faegredrinker.com
Email: ambria.mahomes@faegredrinker.com

Zoe K. Wilhelm (Pro Hac Vice)
Faegre Drinker Biddle & Reath LLP
800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
Email: zoe.wilhelm@faegredrinker.com

Andrew M. Taylor (Pro Hac Vice)
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: andrew.taylor@faegredrinker.com

*Attorneys for Defendant*
*Blue Cross Blue Shield Association*