**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TERESA GOUCH, DENISE SPANOS, GEORGE AMERSON, KYLE MUMMEY, and MARCIA BEASLEY, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD ASSOCIATION,<br><br>Defendant. | Case No. 1:23-cv-15709<br>Honorable John J. Tharp, Jr. |

**DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs' Notice (ECF No. 54) follows the same pattern as prior Notices:[1] it unintentionally highlights how the Complaint in this case differs from the complaints in other cases, what BCBSA argued that other defendants did not, and why this case should be dismissed.

Plaintiffs cite the decision in *A.D. v. Aspen Dental Mgmt., Inc.*, 2024 WL 4119153 (N.D. Ill. Sept. 9, 2024). That case, like other cases cited by Plaintiffs, involves facts not at issue here: the presence of tracking technologies on, and "information disclosed in[,] the ***patient portal***." First Am. Compl. ¶ 205, No. 1:24-cv-01404 (N.D. Ill. filed Mar. 8, 2024), ECF No. 7 (emphasis added). Plaintiffs have argued that this is a distinction without a difference, but courts have reasoned otherwise and other plaintiffs' counsel have argued otherwise. *See, e.g.*, ECF No. 52 at 1-2 (citing cases and briefing); ECF No. 40 at 19-20 (citing cases).

[1] Plaintiffs have now filed four notices citing eight cases. *See* ECF Nos. 41, 49, 51, 54.

In addition, Aspen's arguments were different from BCBSA's. For example, the court in *Aspen* denied the motion to dismiss in part because the defendant "d[id] not cite to any precedential authority" supporting its position "that the crime-tort exception does not apply because the underlying criminal or tortious acts must be distinct from the alleged wiretapping." *A.D. v. Aspen Dental Mgmt., Inc.*, No. 2024 WL 4119153, at *3 (N.D. Ill. Sept. 9, 2024). BCBSA, conversely, cited numerous cases in support of this argument. *See* ECF No. 35, at 14-15 (citing cases); ECF No. 40, at 2-6 (same). Moreover, like the defendants in the other cases cited by Plaintiffs in their prior Notices, the defendant in *Aspen* did not address the impact of the technology companies' own terms and conditions and privacy policies on the plaintiffs' claims (*see* ECF No. 35 at 8-9, ECF No. 40 at 13-20) and did not—and presumably could not—invoke the filed-rate doctrine. *See* ECF No. 35 at 20-24; ECF No. 40 at 23-27.

Dated: September 18, 2024

Respectfully submitted,

By: /s/ *Justin O. Kay*

Justin O. Kay (ARDC No. 6286557)
Ambria D. Mahomes
Faegre Drinker Biddle & Reath LLP
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: justin.kay@faegredrinker.com
Email: ambria.mahomes@faegredrinker.com

Zoe K. Wilhelm (Pro Hac Vice)
Faegre Drinker Biddle & Reath LLP
800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
Email: zoe.wilhelm@faegredrinker.com

Andrew M. Taylor (Pro Hac Vice)
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: andrew.taylor@faegredrinker.com

*Attorneys for Defendant*
*Blue Cross Blue Shield Association*