**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TERESA GOUCH, DENISE SPANOS, GEORGE AMERSON, and KYLE MUMMEY, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD ASSOCIATION,<br><br>Defendant. | Case No. 1:23-cv-15709<br>Honorable John J. Tharp, Jr. |

**DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION'S RESPONSE TO <u>PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Plaintiffs again invoke authority that actually supports BCBSA's arguments. *See* ECF No. 61 (citing *Castillo et al. v. Costco Wholesale Corp.*, 2024 WL 4785136 (W.D. Wash, Nov. 14, 2024)).

In *Castillo*, the plaintiffs alleged that Costco's pharmacy website used tracking technologies to collect information "about their searches for specific prescription drugs, health insurance coverage, and location." 2024 WL 4785136, at *7. While the Court permitted the Wiretap Act claim to proceed despite the lack of allegations that tracking technologies were behind a login on the patient portal, it did so specifically because the website was used, *inter alia*, "to buy and refill prescriptions, [and] to transfer prescription medications from another pharmacy to Costco's pharmacy." *Id.* at *6.

The court distinguished cases like *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8—which held that a plaintiff cannot state a Wiretap Act claim where



DMS_US.367652259.2

a website merely provides "general health information that is accessible to the public at large"—because in *Castillo*, the plaintiffs "d[id] not merely allege that Costco collected information about their searches for general medical treatment options." *Castillo*, 2024 WL 4785136 at *7. Rather,

> As the court in *Walgreen Co.*, recognized, "An internet user might research medical information for reasons unrelated to the user's own health conditions. But an internet user is very unlikely to purchase [specific prescriptions] for reasons unrelated to the user's own health conditions." 2024 WL 2263395, at *8. Thus, Costco may have collected data that "relates to" Plaintiffs' individualized health conditions even though they do not allege that their data were collected while they were logged into their patient portals.

*Id.*

Plaintiffs here do not allege that they were purchasing medication on the BCBSA website. Rather, they ***do*** "merely allege that [BCBSA] collected information about their searches for general medical treatment options." *Id.* For example, Plaintiff Gouch alleges that she used the BCBSA public website to "search for doctors and dentists, including by typing words into the Website's 'search' bar." ECF No. 22 at ¶ 20. Thus, the court in *Castillo* would have dismissed this case.

Dated: November 25, 2024

Respectfully submitted,

By: /s/ *Justin O. Kay*

Justin O. Kay (ARDC No. 6286557)
Ambria D. Mahomes
Faegre Drinker Biddle & Reath LLP
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: justin.kay@faegredrinker.com
Email: ambria.mahomes@faegredrinker.com

Zoe K. Wilhelm (Pro Hac Vice)
Faegre Drinker Biddle & Reath LLP
800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
Email: zoe.wilhelm@faegredrinker.com

Andrew M. Taylor (Pro Hac Vice)
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: andrew.taylor@faegredrinker.com

*Attorneys for Defendant*
*Blue Cross Blue Shield Association*