**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TERESA GOUCH, DENISE SPANOS, GEORGE AMERSON, and KYLE MUMMEY, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD ASSOCIATION,<br><br>Defendant. | Case No. 1:23-cv-15709<br>Honorable John J. Tharp, Jr. |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION'S MOTION TO DISMISS**

Defendant BCBSA respectfully submits this notice of supplemental authority in support of its Motion to Dismiss. ECF No. 34. On January 14, 2025, the U.S. District Court for the District of New Jersey in *Cole v. Quest Diagnostics, Inc.*, 2025 WL 88703 (D.N.J. Jan. 14, 2025) (hereinafter, "*Cole*") granted defendant Quest's motion for reconsideration of its earlier order denying Quest's motion to dismiss the plaintiffs' CIPA claim. *See* **Exhibit A**.

The plaintiffs in *Cole* alleged that Quest violated CIPA by installing and operating the Facebook Pixel on its website. However, the plaintiffs' allegation—that "When a user accesses a website hosting the Facebook Tracking Pixel, Facebook's software script surreptitiously directs the user's browser to send a separate message to Facebook's servers"—"cannot be squared" with *In re Google Inc. Cookie Placement Consumer Privacy Litig.,* 806 F.3d 125 (3d Cir. 2015) *("Google Cookie").* As the court explained, "[t]he core of the Third Circuit's rationale was that the users' browsers were communicating directly with the alleged eavesdropper because the users'

browsers were sending GET requests directly to Google's server," and therefore the defendants couldn't be liable for eavesdropping. *Cole*, 2025 WL 88703 at *2. Because essentially the same allegation was made in *Cole*, the district court was bound by *Google Cookie* to dismiss the claim. *See id*. (finding the plaintiffs' argument that "to be a party to a communication, the entity must be an *intended* recipient of that communication" was "unavailing") (emphasis in original).

*Cole* is relevant here because Plaintiffs' claims are premised on substantively identical allegations involving the same technologies. *See* ECF No. 22 ¶¶ 50 (TikTok), 90 (Meta), 95 (Google), 100 (LinkedIn). Under *Google Cookie* and *Cole*, BCBSA cannot be liable for wiretapping because of Plaintiffs communicated directly with the Tech Companies[1] in this case. *See* ECF No. 35 at 18-19; *see also Vasil v. Kiip, Inc.*, No. 16-CV-09937, 2018 WL 1156328, at *3 (N.D. Ill. Mar. 5, 2018) (Tharp, J.) (relying on *Google Cookie* and dismissing wiretap claims). This Court should dismiss Plaintiffs' claims.

Dated: January 24, 2025

Respectfully submitted,

By: /s/ *Justin O. Kay*

Justin O. Kay
Ambria D. Mahomes
Faegre Drinker Biddle & Reath LLP
320 S. Canal Street, Suite 3300
Chicago, Illinois 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: justin.kay@faegredrinker.com
Email: ambria.mahomes@faegredrinker.com

[1] As defined in Defendant's Motion to Dismiss.

Zoë K. Wilhelm *(Pro Hac Vice)*
Faegre Drinker Biddle & Reath LLP
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
Email: zoe.wilhelm@faegredrinker.com

Andrew M. Taylor *(Pro Hac Vice)*
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: andrew.taylor@faegredrinker.com

*Attorneys for Defendant*
*Blue Cross Blue Shield Association*