IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERESA GOUCH, DENISE SPANOS, GEORGE AMERSON, and KYLE MUMMEY, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD ASSOCIATION,<br><br>Defendant. | Case No. 1:23-cv-15709<br>Honorable John J. Tharp, Jr. |

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION'S MOTION TO DISMISS

Defendant BCBSA respectfully submits this notice of supplemental authority in support of its Motion to Dismiss. ECF No. 34. For the second time, Judge Tunheim in *Okash v. Essentia Health*, No. 0:23-cv-00482-JRT-LIB (D. Minn. Feb. 27, 2025) dismissed plaintiff's wiretapping claims for failing to plausibly allege that Essentia had the purpose of committing an *independent* crime or tort when it installed the Facebook Pixel on its public-facing website. See **Exhibit A**.

Like Plaintiffs here, Okash,[1] was "hanging his hat solely on the public-facing portion of Essentia's website," *Okash*, slip op. at 9, and urged Judge Tunheim to consider "findings by other courts that simultaneous interception of private healthcare data fall within the crime-tort exception." *Id.* at 8. But as Judge Tunheim explained, "[i]n almost every instance, those courts have typically only found liability under the wiretapping statutes when the data is also collected from the much more sensitive patient portal part of the healthcare company's website." *Id.* at 9.

---

[1] Plaintiffs in this case and Okash are represented by the same counsel.

Moreover, Judge Tunheim stated that "the core problem" with Okash's claim was that the alleged criminal or tortious conduct was "the initial interception itself, not that the data is independently used in a crime or tort." *Id.* at 8.

Judge Tunheim's reasoning applies here too, where the same pleading defects exist. As explained in BCBSA's Motion to Dismiss, "Plaintiffs do not – and cannot – allege that [BCBSA] uses tracking code on its secured portal for insureds, where personal patient information might be implicated. Rather, Plaintiffs challenge BCBSA's use of these website tools on its publicly available website." ECF No. 35 at 8. Furthermore, "[w]hile Plaintiffs repeatedly allege that BCBSA used the code at issue for marketing, advertising, and analytics purposes, . . . Plaintiffs do not allege that this purpose constitutes independent illegal or actionable conduct such that the party exception is inapplicable." *Id.* at 22.

Because Plaintiffs' allegations are limited only to BCBSA's public-facing website and Plaintiffs fail to allege an independent criminal or tortious purpose in installing analytics technologies on the website, the wiretapping claims must fail.

Dated: February 28, 2025          Respectfully submitted,

By: /s/ *Justin O. Kay*
Justin O. Kay (ARDC No. 6286557)
Alicia R. Olszeski (ARDC No. 6315675)
Ambria D. Mahomes (ARDC No. 327758)
Faegre Drinker Biddle & Reath LLP
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: justin.kay@faegredrinker.com
Email: ali.olszeski@faegredrinker.com
Email: ambria.mahomes@faegredrinker.com

        Zoe K. Wilhelm (Pro Hac Vice)
Faegre Drinker Biddle & Reath LLP
800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
Email: zoe.wilhelm@faegredrinker.com

Andrew M. Taylor (Pro Hac Vice)
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: andrew.taylor@faegredrinker.com

*Attorneys for Defendant*
*Blue Cross Blue Shield Association*