**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TERESA GOUCH, DENISE SPANOS, GEORGE AMERSON, KYLE MUMMEY, and MARCIA BEASLEY, individually and on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

BLUE CROSS BLUE SHIELD ASSOCIATION,

Defendant.

Case No. 1:23-cv-15709
Honorable John J. Tharp, Jr.

**DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs' latest Notice of Supplemental Authority (ECF No. 67)—like the supplemental authority Plaintiffs previously noticed[1]—supports BCBSA's Motion to Dismiss. This is because *Stein v. Edward-Elmhurst Health*, No. 23-cv-14515-SCS (N.D. Ill. Feb. 21, 2025) highlights the distinction between the use of tracking technologies on sensitive, private, patient-facing health portals, which may be actionable under the wiretapping laws, as opposed to the use of those technologies on public-facing websites (as Plaintiffs allege here), which is not actionable under such laws.

The plaintiffs in *Stein* alleged that the defendant transmitted medical information that the plaintiffs shared "with Edward-Elmhurst Health, ***using a web-based portal called MyChart***." Slip Op. at 1 (emphasis added). MyChart is a member portal that can only be accessed with a unique

[1] Plaintiffs have now filed five notices citing nine cases—each of which supports *BCBSA's* pending Motion to Dismiss. *See* ECF Nos. 41, 49, 51, 54, and 67.

username and password where patients "can communicate with doctors, access test results, manage prescription and appointments, and more." *Id.* at 3 (citing complaint). In *Stein*, the plaintiffs contended the tracking technologies were embedded on MyChart. *Id.* at 1 and 3.

Unlike in *Stein*, ***there is no allegation that BCBSA installed tracking technologies on its member portal***. *See* ECF No. 35 at 8 ("Plaintiffs do not – and cannot – allege that [BCBSA] uses tracking code on its secured portal for insureds, where personal patient information might be implicated. Rather, Plaintiffs challenge BCBSA's use of these website tools on its publicly available website.").

The absence of such allegation is fatal to Plaintiffs' wiretapping claims. As explained by Judge Tunheim in a recent website tracking putative class action brought by Plaintiffs' counsel, "courts have typically only found liability under the wiretapping statutes when the data is also collected from the much more sensitive patient portal part of the healthcare company's website." ECF No. 71, *Okash v. Essentia Health*, No. 0:23-cv-00482-JRT-LIB (D. Minn. Feb. 27, 2025) (dismissing wiretapping claims with prejudice because the named plaintiff was "hanging his hat solely on the public-facing portion of Essentia's website").

For the foregoing reasons, *Stein* does not support Plaintiffs' arguments and the Court should grant BCBSA's Motion to Dismiss.

Dated: March 4, 2025

Respectfully submitted,

By: /s/ *Justin O. Kay*

Justin O. Kay (ARDC No. 6286557)
Alicia R. Olszeski (ARDC No. 6315675)
Ambria D. Mahomes (ARDC No. 327758)
Faegre Drinker Biddle & Reath LLP
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: justin.kay@faegredrinker.com
Email: ali.olszeski@faegredrinker.com
Email: ambria.mahomes@faegredrinker.com

Zoe K. Wilhelm (Pro Hac Vice)
Faegre Drinker Biddle & Reath LLP
800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
Email: zoe.wilhelm@faegredrinker.com

Andrew M. Taylor (Pro Hac Vice)
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: andrew.taylor@faegredrinker.com

*Attorneys for Defendant*
*Blue Cross Blue Shield Association*