**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TERESA GOUCH, DENISE SPANOS, GEORGE AMERSON, and KYLE MUMMEY, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD ASSOCIATION,<br><br>Defendant. | Case No. 1:23-cv-15709<br>Honorable John J. Tharp, Jr. |

**DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs' latest Notice (ECF No. 83) once again unintentionally demonstrates why this case should be dismissed. All three cases cited by Plaintiffs involve wiretapping claims for health providers' use of tracking technologies on the ***patient portal*** of their website. This case is different. This case involves only the public portion of a website. Consequently, applying the logic of Plaintiffs' own cases, this case should be dismissed.

The *Juenger* and *Mayer* decisions expressly reference patient portal allegations. *Juenger v. Deaconess Health Sys., Inc.*, No. 3:24-CV-2332-NJR, 2025 WL 2780221, at *2 (N.D. Ill. Sept. 30, 2025) (defendant disclosed "information regarding [plaintiff's] patient portal activity"); *Mayer Midwest Physicians Admin. Servs., LLC d/b/a/ Duly Health and Care*, No. 23-cv-3132, 2025 WL 963779, at *1 (N.D. Ill. Mar. 31, 2025) (information on patient portal was intercepted). While the *Allen* decision does not discuss the patient portal—where patients access and manage their health information—it follows from the complaint. *Allen v. Midwest Express Care, Inc. d/b/a/ Midwest*

*Express Clinic*, No. 24-cv-05348 (N.D. Ill.), Dkt. 1 ¶ 6 (alleging trackers intercepted patient communications, such as "request[ing] prescriptions" and "view[ing] lab results").

As explained by the court in *Nienaber v. Overlake Hospital Medical Center*, "whether the allegations concern [a] [d]efendant's [p]ublic [w]ebsite or [p]rivate [p]atient [p]ortal may make a significant difference." 733 F. Supp. 3d 1072, 1082 (W.D. Wash. May 13, 2024) (dismissing complaint). That is because using tracking technologies on a public website (like here) generally does not give rise to liability. *Doe v. Lawrence Gen. Hosp.*, No. 25-cv-10081-NMG, 2025 WL 2808055, *12 (D. Mass. Aug. 29, 2025) ("when faced with allegations—like those in this case—that involve only browsing data from publicly accessible websites . . . courts have dismissed ECPA claims"); *Okash v. Essentia Health,* No. CV 23-482, 2025 WL 642913, at *4 (D. Minn. Feb. 27, 2025) ("those courts have typically only found liability under the wiretapping statutes when the data is also collected from the much more sensitive patient portal part of a healthcare company's website").

Dated: November 26, 2025

Respectfully submitted,

By: /s/ *Justin O. Kay*

Justin O. Kay (ARDC No. 6286557)
Ali R. Olszeski (ARDC No. 6315675)
Ambria D. Mahomes (ARDC No. 6334463)
Faegre Drinker Biddle & Reath LLP
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: justin.kay@faegredrinker.com
Email: ali.olszeski@faegredrinker.com
Email: ambria.mahomes@faegredrinker.com

Zoe K. Wilhelm (Pro Hac Vice)
Faegre Drinker Biddle & Reath LLP
800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
Email: zoe.wilhelm@faegredrinker.com

Andrew M. Taylor (Pro Hac Vice)
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: andrew.taylor@faegredrinker.com

*Attorneys for Defendant*
*Blue Cross Blue Shield Association*